

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 18, 2022

**BY ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
United States District Court
40 Foley Square
New York, New York 10007

      Re:    <u>United States</u> v. <u>Quashawn Escalera</u>, S1 20 Cr. 667 (VEC)

Dear Judge Caproni:

      The Government writes in connection with the sentencing of defendant Quashawn Escalera (the "defendant" or "Escalera"), scheduled to take place on January 31, 2022. The parties entered into a plea agreement (the "Plea Agreement ") that calculated a Guidelines range of 27 to 33 months' imprisonment (the "Stipulated Guidelines Range"). The Presentence Report (the "PSR") calculated the same Guidelines range and recommends that the Court impose a sentence of time served. The Government believes that a sentence within the Stipulated Guidelines Range is appropriate here.

### Offense Conduct

      The New York City Police Department has been involved in an investigation of a drug trafficking organization (the "DTO") responsible for the distribution of crack cocaine and marijuana in and around the Edenwald Housing Development and, in particular, in the vicinity of East 229th Street and Laconia Avenue, commonly referred to as the "Ave." (Presentence Investigation Report ("PSR") ¶ 22.)

      The DTO protected its territory from rivals through violence and intimidation. Indeed, on or about September 26, 2019, there was a shootout in front of 1132 East 229th Street, a residential building in the Edenwald Houses (the "1132 Building"). (PSR ¶ 27.) Based on information obtained from cooperating witnesses and surveillance video that captures the shooting, the Government determined that the defendant was one of the shooters and that the shooting was drug-related. (PSR ¶ 27.) Surveillance video of the shooting shows the defendant and two other individuals walking towards the 1132 Building. There were several people hanging out on the front porch of the 1132 Building. As the defendant and his group get closer, several of the individuals in front of the 1132 Building can be seen entering the building's lobby for cover – all except one individual who brandishes a firearm and seeks cover behind a pillar on the porch. The defendant and the other individuals with him opened fire and the individual on the porch returned fire. The

shooting lasted a few seconds before the defendant and his group fled the location. Importantly, an innocent bystander, presumably a resident of the 1132 Building, can be seen frantically trying to enter the building as the shootout his happening.

## Procedural History

On or about March 11, 2021, superseding indictment S1 20 Cr. 667 was filed with the Court (the "Indictment"). The Indictment charged Escalera and several other defendants in multiple counts. Escalera was only charged in Count Four, which charged him with being a felon in possession of ammunition in connection with the September 26, 2019 shooting, in violation of Title 18, United States Code, Section 922(g).

On or about September 9, 2021, the defendant appeared before Your Honor and pled guilty to Count Five of the Indictment pursuant to a plea agreement. (PSR ¶ 10.) In the plea agreement, the parties stipulated to a Guidelines range of 27 to 33 moths' imprisonment. (*Id*.) The Probation Department calculated the same Guidelines range.

## Discussion

### I.   Applicable Law

The Government submits that a Guidelines sentence is appropriate for this defendant. As the Court is well aware, the Sentencing Guidelines provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id*. at 49. After that calculation, however, Your Honor must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id*. at 50 & n. 6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B)   to afford adequate deterrence to criminal conduct;
(C)   to protect the public from further crimes of the defendant; and
(D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**II.     A Sentence within the Stipulated Guidelines Range is Appropriate**

The Government respectfully submits that a sentence within the Stipulated Guidelines Range of 27 to 33 months' imprisonment, as contemplated by the parties' plea agreement, is appropriate for the following reasons.

*First*, a Stipulated Guidelines Sentence is necessary to reflect the seriousness of the defendant's conduct and to provide just punishment. The defendant was involved in a brazen shootout that occurred not just in a residential area, but in front of a residential building that, at the time, had at least one resident scrambling to get inside to avoid being shot. Indeed, the defendant's targets were standing on the building's front porch. Any number of individuals could have been seriously injured or worse during that shooting. Nevertheless, the defendant chose to participate in that shooting; clearly more worried about respect than the lives of the innocent bystanders his actions might affect. This impulsive and violent behavior is unfortunately not uncommon in housing developments in the Bronx and a Guidelines sentence is necessary here to protect the law-abiding men, women, and children who are forced to deal with it on a regular basis.

*Second*, a Guidelines sentence is also necessary to protect the public from future crimes the defendant might commit and to deter the defendant. The defendant has one prior conviction for attempted robbery in the second degree, a crime for which the defendant was sentenced to three years' imprisonment. Like the offense conduct here, the defendant's armed robbery conviction also involved a handgun. According to the PSR, the defendant and a co-conspirator attempted to rob an individual at gunpoint. The defendant's accomplice was armed with the firearm. (PSR ¶ 54.) Despite that conviction and sentence, the defendant chose to participate in the September 26, 2019 shooting described above. If nothing else, the defendant's recent conduct makes clear that his prior sentence was ineffective in changing his conduct. For this reason, the Government believes that a sentence within the Stipulated Guidelines Range is both necessary and appropriate.

## Conclusion

For the reasons set forth above, the Government respectfully submits that a sentence withing Stipulated Guidelines Range would be fair and appropriate in this case.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: _____
Christopher J. Clore
Assistant United States Attorneys
(212) 637-1063

cc:     Defense Counsel (via ECF)